# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SHOWBOAT RENAISSANCE, LLC** | * | Civil Action No.: |
|     **Plaintiff** | | 1:16-cv-09582-RBK-AMD |
| | * | |
|   v. | | |
| | * | |
| **MINDGRUB TECHNOLOGIES, LLC** | | |
| | * | |
|     **Defendant** | | |

    \*    \*    \*    \*    \*    \*    \*

## ANSWER TO COMPLAINT

Defendant Mindgrub Technologies, LLC ("Mindgrub"), by and through its attorneys Michael D. Dankanich, Esquire and Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C., in answer to Plaintiff's Complaint, states as follows:

## SPECIFIC ADMISSIONS AND DENIALS

1. Mindgrub does not have sufficient information to either admit or deny the allegations in paragraph 1.

2. Admitted.

3. The averments in paragraph 3 require no admission or denial.

4. Denied.

5. Denied.

6. The averments in paragraph 6 require no admission or denial.

7. Upon information and belief, Mindgrub admits the allegations in paragraph 7.

8. The document which is referenced in paragraph 8 speaks for itself.

9. The document which is referenced in paragraph 9 speaks for itself.

10. The document which is referenced in paragraph 10 speaks for itself.

11. The document which is referenced in paragraph 11 speaks for itself.

12. The document which is referenced in paragraph 12 speaks for itself.

13. The document which is referenced in paragraph 13 speaks for itself.

14. The document which is referenced in paragraph 14 speaks for itself.

15. Denied.

16. Denied.

17. Denied.

18. Mindgrub admits it sent Plaintiff two invoices, and those documents speak for themselves, but denies all other allegations contained in paragraph 18.

19. The document which is referenced in paragraph 19 speaks for itself.

20. The document which is referenced in paragraph 20 speaks for itself.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. The allegations contained in paragraph 28 are conclusions of law to which no response is required and are therefore denied.

29. The allegations contained in paragraph 29 are conclusions of law to which no response in required and are therefore denied.

### COUNT I: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

30. Mindgrub incorporates the preceding paragraphs by reference as if fully set forth herein.

31. The contract referenced in paragraph 31 speaks for itself.  All other averments in this paragraph are denied.

32. Denied.

33. The allegations contained in paragraph 33 are conclusions of law to which no response is required and are therefore denied.

### COUNT II: BREACH OF EXPRESS WARRANTY

34. Mindgrub incorporates the preceding paragraphs by reference as if fully set forth herein.

35. Denied.

36. The allegations contained in paragraph 36 are conclusions of law to which no response is required and are therefore denied.

37. The allegations contained in paragraph 37 are conclusions of law to which no response is required and are therefore denied.

38. The allegations contained in paragraph 38 are conclusions of law to which no response is required and are therefore denied.

### COUNT III:  CONSUMER FRAUD

39. Mindgrub incorporates the preceding paragraphs by reference as if fully set forth herein.

40. Denied.

41. The allegations contained in paragraph 41 are conclusions of law to which no response is required and are therefore denied.

42. The allegations set forth in paragraph 42 are conclusions of law to which no response is required and are therefore denied.

43. The allegations set forth in paragraph 43 are interpretations of a statute to which no response is required and are therefore denied.

44. The allegations set forth in paragraph 44 are conclusions of law to which no response is required and are therefore denied.

45. The allegations set forth in paragraph 45 are conclusions of law to which no response is required and are therefore denied.

46. The allegations set forth in paragraph 46 are conclusions of law to which no response is required and are therefore denied.

47. The allegations set forth in paragraph 47 are interpretations of a statute to which no response is required and are therefore denied.

48. The allegations set forth in paragraph 48 are interpretations of a statute to which no response is required and are therefore denied.

## COUNT IV:  BREACH OF CONTRACT

49. Mindgrub incorporates the preceding paragraphs by reference as if fully set forth herein.

50. The document which is referenced in paragraph 50 speaks for itself.

51. Denied.

52. The allegations set forth in paragraph 52 are conclusions of law to which no response is required and are therefore denied.

53. The allegations set forth in paragraph 53 are conclusions of law to which no response is required and are therefore denied.

54. The allegations set forth in paragraph 54 are conclusions of law to which no response is required and are therefore denied.

## COUNT V:  RECISION

55. Mindgrub incorporates the preceding paragraphs by reference as if fully set forth herein.

56. The document which is referenced in paragraph 56 speaks for itself.

57. The allegations set forth in paragraph 57 are conclusions of law to which no response is required and are therefore denied.

58. Denied.

59. The documents which are referenced in paragraph 59 speak for themselves.  All other allegations in paragraph 59 are denied and are therefore denied.

60. The allegations set forth in paragraph 60 are conclusions of law to which no response is required and are therefore denied.

### Fed. R. Civ. Proc. 12(b) Defenses

Plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted, and for failure to state sufficient facts in support of these claims.

### AFFIRMATIVE DEFENSES

1. All allegations of the Complaint not specifically admitted are denied.

2. The Complaint fails to state a claim against Mindgrub upon which relief can be granted.

3. Plaintiff is not entitled to some or all of the relief requested in the Complaint as a failure to mitigate its damages claimed in the Complaint.

4. Plaintiff's claims are barred in whole or in part by Plaintiff's own breaches of contract.

5. Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or release.

6. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

7. Plaintiff's claims are barred in whole or in part by laches.

8. Plaintiff's alleged damages, to the extent they exist, are the result of Plaintiff's own breaches of contract.

9. Mindgrub reserves the right to assert additional affirmative defenses to the extent discovery uncovers any such defenses.

    _/s/*Michael D. Dankanich*_____
Michael D. Dankanich, Esquire
Zarwin Baum DeVito Kaplan Schaer & Toddy PC
525 Route 73 North, Suite 303
Marlton, NJ 08053
Mddankanich@zarwin.com
***Attorney for Defendants, Mindgrub Technologies, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of January, 2017, a copy of the foregoing Answer to Complaint on behalf of Defendant Mindgrub Technologies, LLC was filed electronically and mailed, first class, postage prepaid, to:

    Austin R. Freundlich, Esquire
Gregory C. Littman, Esquire
Matthew P. Stauskulage, Esquire
Freundlich & Littman, LLC
1500 Walnut Street, Suite 206
Philadelphia, PA 19102

    _/s/*Michael D. Dankanich*_____
Michael D. Dankanich, Esquire

4848-5879-3280, v. 1